IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOSE SANTILLAN,
BOP No. 55638-177,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

2:20-CV-171-Z-BR
(CR NO. 2:17-CR-029-Z-BR (1))

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Jose Santillan's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on June 25, 2020 (ECF No. 2) ("Motion"). Additionally, on May 23, 2022, well after the one-year filing deadline, Petitioner requested permission to supplement his original Motion to add Ground Four and Ground Five to his original Motion (ECF No. 11) ("Proposed Amendment"). The Respondent filed a Response to the Motion. *See* ECF No. 8. For the reasons set forth below, the Motion and Proposed Amendment are **DENIED**.

**BACKGROUND**

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255. On March 30, 2017, Petitioner was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. *See* CR ECF No. 3.[1] Petitioner pleaded not guilty to this charge and proceeded to trial. *See* CR ECF No. 85. On December 6, 2017, the jury found

---

[1] Record citations to Petitioner's criminal case, *United States v. Santillan*, 2:17-CR-029-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

him guilty of the single count indictment. CR ECF No. 53. On March 28, 2018, the district court entered judgment and sentenced Petitioner to a prison term of 212 months and a five-year period of supervised release. CR ECF No. 69. On April 9, 2018, Petitioner timely appealed his conviction. CR ECF No. 71. The United States Court of Appeals for the Fifth Circuit affirmed Petitioner's conviction, specifically ruling on the sufficiency of the evidence under *de novo* review. *See* CR ECF Nos. 87–88. Petitioner also raised his third ground for relief (relevant conduct) to the appellate court and challenged the district court's application of the guideline provisions in his case. *See id.*

Petitioner's Motion alleges three grounds of constitutional error during his criminal proceedings. ECF No. 2 at 6. First, Petitioner alleges that no evidence supported the two-level enhancement contained in the Presentence Investigation Report ("PSR"). *Id.* Petitioners second claim is that the evidence was insufficient to support a finding of guilt as to the single count indictment. *Id.* Petitioner's third ground for relief is that the district court erroneously admitted evidence about liquid methamphetamine intercepted in Portales, New Mexico, as relevant conduct that was part of the same course of conduct or common scheme as the facts alleged in the indictment. *Id.* Petitioner's Proposed Amendment seeks to add two grounds for relief. First, Petitioner argues that he received ineffective assistance of counsel because counsel failed to adequately investigate the case — sufficiently to challenge the credibility of a government witness. *See* ECF No. 11 at 2. Additionally, Petitioner makes a final claim for actual innocence. *Id.* at 3.

### LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to file all of his claims for habeas relief within one year after his conviction becomes final. 28 U.S.C. § 2255(f)(1). If a petitioner does not seek leave to amend his claims during this time period, then all his claims — including the proposed amendments — must relate back to his original timely filed claims to be considered. *See* FED. R. CIV. P. 15(c)(1); *see also United States v. Saenz*, 282 F.3d 354,

356 (5th Cir. 2002). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading . . . ." FED. R. CIV. P. 15(c)(1)(B).

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

First, the Court finds that Petitioner's Proposed Amendment — ECF No. 11 — is untimely, and the claims contained therein (Ground Four and Ground Five) are therefore **DENIED** as barred by limitations under AEDPA. Petitioner did not claim ineffective assistance of counsel in his original Petition, and actual innocence is not an appropriate ground for relief in a Motion to Vacate.

Petitioner first argues that the district court erred in assessing a two-level enhancement in the PSR. *See* ECF No. 2 at 6. In his second and third grounds for relief, Petitioner once again raises the same issues raised on appeal concerning the sufficiency of the evidence to convict him and the consideration of extraneous "relevant conduct" in the course of his case. *See id.* These claims are barred from collateral review, as the Court of Appeals for the Fifth Circuit already litigated these issues

3

and decided them with finality.

The Court notes that a Section 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A petitioner in a Section 2255 proceeding may not challenge the legality of his conviction. The range of claims that may be raised in a Section 2255 proceeding is narrow — a "distinction must be drawn between constitutional or jurisdiction errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300–01 (5th Cir. 1992) (internal marks omitted). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of Section 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "Section 2255 does not reach errors not of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.*

The Respondent correctly noted that Petitioner's grounds for relief were previously raised on direct appeal. ECF No. 8 at 2. The Fifth Circuit found the evidence was sufficient to support the conviction and that the challenged relevant conduct was properly admitted. CR ECF 87 at 1–3. Issues that were raised and rejected on direct appeal are barred from consideration on collateral review unless there has been an intervening change in the law. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *Davis v. United States*, 417 U.S. 333 (1974). Petitioner has not shown that the law has changed, so the issues he is bringing in the present Motion are barred from consideration. Thus, Petitioner's Motion is **DENIED**.

4

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the Petitioner has not yet filed a notice of appeal, this Court preemptively addresses whether he would be entitled to a certificate of appealability ("COA"). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has fully explained what is required for a "substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could not debate the denial of the Petitioner's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at

5

484). Accordingly, the Court finds that the Petitioner is not entitled to a certificate of appealability as to his claims.

CONCLUSION

For the reasons set forth above, the Motion filed by Petitioner is **DENIED**.

**SO ORDERED.**

June _26_, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6